UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jeffrey M. Gray

    v.                                      Case No. 1:15-cv-508-LM
                                          Opinion No. 2017 DNH 108
Michael A. Zenk, Warden,
New Hampshire State Prison

**O R D E R**

Before the court in this habeas action, is petitioner Jeffrey Gray's motion (Doc. No. 43), requesting that the court order the respondent to serve Gray with conventionally filed trial transcripts and state court documents which the respondent submitted to the court with the respondent's answer to Gray's petition.[1] Respondent has not objected or otherwise responded to the motion.

**Background**

On January 19, 2017, this court issued an Order (Doc. No. 27) directing the respondent to answer Gray's petition for a writ of habeas corpus. On February 21, 2017, respondent filed an answer (Doc. No. 31). The following day, the respondent conventionally filed copies of transcripts and state court

---

[1] Gray has filed a "Petitioner's Renewed Motion [to] Order the Respondent to Produce All Transcripts" (Doc. No. 29) that is pending before the court. That motion is not addressed in this Order.

documents in the court with a cover letter (Doc. No. 33) dated February 22, 2017.  The letter included the notation "Cc: Jeffrey M. Gray (letter only)," indicating that the February 22 cover letter, but not the conventionally filed documents attached thereto, was served on Gray.

On March 10, 2017, Gray filed in the court a copy of a March 7, 2017 letter he had sent to respondent's counsel (Doc. No. 38), requesting that she serve him with a copy of all of the documents filed in the court on February 22, 2017.  On March 15, 2017, respondent's counsel filed "Respondent's Answer to Petitioner's Document 38," (Doc. No. 41), stating that "if the petitioner wishes copies of what the respondent filed with this Court, he need only write to the undersigned lawyer and ask for copies."  Doc. No. 41, at 1.  Although Gray had written to Respondent's counsel and asked for copies of the conventionally filed documents on March 7, 2017, see Doc. No. 38, Respondent's counsel apparently did not send Gray copies of any of the conventionally filed documents.  Instead, Respondent's counsel filed a document in the court, listing the documents she had filed conventionally on February 22, 2017, and stating that she was not required to serve Gray with copies of those documents.

Gray filed the instant motion (Doc. No. 43) on March 24, 2017, seeking copies of the documents respondent conventionally

2

filed on February 22, 2017.  In his motion, Gray argues that the Federal Rules of Civil Procedure, and this court's local rules, require that he be served with any documents the respondent files conventionally in this case.

Respondent has not objected or otherwise responded to Gray's motion.  On April 25, 2017, however, respondent conventionally filed an additional state court document in this matter, along with a cover letter (Doc. No. 46) which, again, indicates, by the notation "Cc: Jeffrey M. Gray *(letter only)*," that Gray has been provided only with a copy of the letter, and not the attached document.

## Discussion

Rule 5(a)(1)(B) of the Federal Rules of Civil Procedure requires that all pleadings filed by a party be provided to every other party to the action.  See Fed. R. Civ. P. 5(a)(1)(B); see also Rule 12, Rules Governing Section 2254 Cases in the United States District Court ("§ 2254 Rules") (Federal Rules of Civil Procedure apply to habeas proceedings "to the extent that they are not inconsistent with any statutory provisions or these rules").  "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).

In Rodriguez v. Fla. Dep't of Corrs., the Eleventh Circuit held that in the context of a state's answer to a § 2254 petition, "exhibits to the pleading must also be served, regardless of whether they were filed at the same time." 748 F.3d 1073, 1076-77 (11th Cir. 2014). This includes documents that are "filed separate from the answer, but [are] referred to in it." Id. at 1076. The Fourth and Fifth Circuits have also held that "all documents referenced in the State's answer and filed with the Court must be served on the habeas petitioner." Id. at 1077 (citing Sixta v. Thaler, 615 F.3d 569, 572 (5th Cir. 2010) and Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005)).

Here, transcripts and state court documents were referenced in the respondent's February 21, 2017, answer (Doc. No. 31), but were actually filed in court on the following day, February 22, 2017, under separate cover (Doc. No. 33). The respondent "must attach" those transcripts and state court documents to the answer. § 2254 Rules 5(c)-(d) (emphasis added). Accordingly, the court considers the separately-filed transcripts and state court documents to be an attachment to the answer, and further considers those attached transcripts and state court documents to be "a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). As Fed. R. Civ. P. 5(a)(1)(B) requires that all

4

pleadings be served on every other party in a case, the respondent was required to serve the petitioner with a copy of the transcripts and state court documents that were conventionally filed in this case on February 22, 2017.

Moreover, the local rules of this court require that "[d]ocuments that are filed conventionally shall be conventionally served in accordance with the Federal Rules of Civil/Criminal Procedure and the local rules of this court." AP 3.9. All of the respondent's pleadings, including the conventionally filed attachments thereto, therefore, must be served on the petitioner under Fed. R. Civ. P. 5(a)(1)(B) and 10(c), and AP 3.9.[2]

Section 2254 Rules 5(c) and 5(d), which require that the respondent attach, to the answer, transcripts and other state court documents, neither state nor imply that such attached documents need not be served on the petitioner. See Crespin v.

---

[2]Gray asserts that the transcripts of his state court case are available in PDF format, although the court does not know whether the transcripts submitted by the respondent were available to the respondent in PDF format at the time they were filed in this court. Transcripts available in PDF format must be filed electronically. See AP 4.3. The ability of the respondent to file transcripts electronically, however, would not relieve him of his obligation to conventionally serve the petitioner in this case with a copy of the transcripts. See AP 2.1(d) (requiring electronically filed documents to be served conventionally on all pro se litigants who are not authorized to proceed electronically).

Stephens, No. 3:15-cv-818-D-BN, 2015 U.S. Dist. LEXIS 137855, at *7, 2015 WL 5924405, at *3 (N.D. Tex. Oct. 8, 2015) ("Respondent's inclusion of those portions of the state court records cited in his answer in a separate filing with the rest of the state court records – a filing not served on Petitioner – coupled with his decision not to physically attach those applicable portions as exhibits to the answer . . . [and] not serving Petitioner with those portions of the state court records relied on in – yet not physically attached as exhibits to – the answer does seem to strain . . . the Habeas Rules and Civil Rules 'considered together.'"). Accordingly, the respondent must serve Gray with copies of any documents that are, or have already been, conventionally or electronically filed in this case, in connection with the answer or any other pleading, whether attached directly to that pleading or to a letter filed under separate cover.

## Conclusion

For the foregoing reasons, the petitioner's motion for compliance (Doc. No. 43) is GRANTED. The respondent is ordered to serve all of the transcripts that have been conventionally filed in this court on the petitioner, including those documents attached to Document Nos. 33 and 46, on or before July 6, 2017,

and to simultaneously file with the Court a certificate evidencing such service.

**SO ORDERED.**

_____
Andrea K. Johnstone
United States Magistrate Judge

June 7, 2017

cc: Jeffrey M. Gray, pro se
    Elizabeth C. Woodcock, Esq.