UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Jeffrey M. Gray

     v.                                Civil No. 15-cv-508-LM

Michael A. Zenk, Warden,
New Hampshire State Prison


                    **REPORT AND RECOMMENDATION**

     Before the court in this habeas action are plaintiff

Jeffrey M. Gray's four motions seeking preliminary and permanent

injunctive relief.[1]  See Doc. Nos. 17, 18, 23, 34.  Respondent

objects.  See Doc. No. 32.  The motions have been referred to

the undersigned magistrate judge for a Report and Recommendation

as to disposition.  See Sept. 15, 2016 Order; Oct. 20, 2016

Order; Feb. 27, 2017 Order.


                            **Background**

     Gray is serving a lengthy prison sentence for a felony

sexual assault which is currently on appeal.  He has filed this

habeas action challenging the constitutionality of his

---

    [1]In two motions (Doc. Nos. 17, 18) Gray seeks a temporary
restraining order.  Because the respondent has had the
opportunity to be heard in opposition to those motions, they are
construed as motions for preliminary injunctive relief under
Rule 65(a) of the Federal Rules of Civil Procedure.

conviction and sentence.

Gray alleges that on September 2, 2016 and February 6, 2017, prison officials seized the legal materials Gray had in his possession at those times, and have withheld those materials from him since their seizure, pursuant to New Hampshire Department of Corrections Policy and Procedure Directive ("PPD") 9.02(N), which took effect in 2016, limiting the amount of legal material an inmate may possess. PPD 9.02(N) also requires legal materials that exceed that volume to be sent out of the prison or destroyed. Gray asserts that the resulting lack of access to his legal materials threatens his constitutionally protected rights to meaningfully access the courts and to petition the government for a redress of grievances. Gray seeks an Order from this court requiring the prison to allow him to access his legal materials, and to allow him to keep materials at the prison, in a manner that allows him access to those materials, in excess of what is permitted by PPD 9.02(N), asserting that he needs such materials to litigate his active cases in this court and the state courts.

Gray also asserts that prison officials threatened to transfer him to less favorable housing conditions in retaliation for exercising his First Amendment right to petition the government for a redress of grievances. Gray therefore seeks an

Order from this court prohibiting prison officials from moving him out of state, or within the state but to less favorable housing conditions, during the pendency of this action.

## Discussion

### I. Preliminary Injunction Standard

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits," of the claims underlying his action, "that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted). The court may rule on a motion for a preliminary injunction on the papers if it has before it "'adequate documentary evidence upon which to base an informed, albeit preliminary conclusion,'" and the parties have been afforded "'a fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions.'" Campbell Soup Co. v. Giles, 47 F.3d 467, 470-71 (1st Cir. 1995) (citations omitted). The parties have had such an opportunity to date, and an additional opportunity for briefing is provided by the objection period that follows the issuance of this Report and Recommendation.

## II. **Availability of Relief**

> "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.

Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam)); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the core of habeas corpus] and may be brought pursuant [42 U.S.C.] § 1983 in the first instance"); Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). Where a habeas petitioner "seeks relief unrelated to his habeas petition. . . [t]he court does not have jurisdiction to consider such claims as part of a habeas petition." Kyricopoulos v. Murphy, No. 16-cv-12431-IT, 2017 U.S. Dist. LEXIS 46643, at *4, 2017 WL 1190376, at *2 (D. Mass. Mar. 29, 2017), appeal filed, No. 17-1374 (1st Cir. Apr. 14, 2017).

> [Petitioner's] request that the Court compel Respondent to provide him his legal materials and allow him access to the prison law library—even if

4

> granted—would not necessarily imply a change to the duration or execution of his sentence. The same is true regardless of whether the Court found that restricting [Petitioner's] access to legal materials or placing him in segregation constitutes unlawful retaliation against him. Rather, these are conventional claims under 42 U.S.C. § 1983.

Smith v. Mulgrave, No. CV 2015-0078, 2016 U.S. Dist. LEXIS 10763, at *6-*7, 2016 WL 373953, at *3 (D.V.I. Jan. 29, 2016); see also Hernandez v. Long, No. CV 13-4060-JVS MAN, 2013 U.S. Dist. LEXIS 85085, at *4, 2013 WL 3053140, at *2 (C.D. Cal. June 10, 2013) (habeas petitioner's request for injunctive relief requiring prison officials to replace lost or destroyed legal documents "is not available through a habeas action," and must be raised in a civil rights action); Johnson v. Washington, No. C05-1283P, 2005 U.S. Dist. LEXIS 34403, at *4, 2005 WL 3242143, at *2 (W.D. Wash. Nov. 30, 2005) (request for an injunction to prevent destruction of a prisoner's legal materials is a "claim that he is being denied access to his legal materials," and "is essentially a claim under § 1983").

In the instant motions, Gray seeks an order which: 1) prohibits prison officials from destroying or withholding Gray's legal materials, to protect his right to access the courts; and 2) prohibits prison officials from transferring him to less favorable housing conditions or to an out-o-state facility to protect his right to petition the government for a redress of

5

grievances.  The injunctive relief Gray seeks in the instant motions for preliminary and permanent injunctions is not properly considered in this habeas action, but may be asserted in a civil rights action brought pursuant to § 1983. Accordingly, the district judge should deny Gray's motions for preliminary and permanent injunctive relief (Doc. Nos. 17, 18, 23, 34), and dismiss such claims from this case, without prejudice to Gray's ability to assert those claims and/or requests in a pending or future civil rights action.2

## **Conclusion**

For the foregoing reasons, petitioner's motions for preliminary and permanent injunctive relief (Doc. Nos. 17, 18, 23, 34) should be denied, and such claims should be dismissed from this case, without prejudice to Gray's ability to assert such claims in a civil action brought under 42 U.S.C. § 1983. Any objections to this Report and Recommendation must be filed

---

2It is the court's understanding, as respondent has represented in his objection to preliminary injunctive relief in this case, see Doc. No. 32, at 1, that Gray's legal materials have not been destroyed, in compliance with previously issued orders in this case and orders in Gray v. Perkins, 14-cv-386-PB, Gray's pending 42 U.S.C. § 1983 action.  While the court recommends that Gray's requested injunctive relief be denied in this case, that recommendation does not extend to any pending request or outstanding order in the § 1983 case.

within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 1, 2017

cc: Jeffrey M. Gray, pro se
    Elizabeth C. Woodcock, Esq.