**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Jeffrey M. Gray


      v.                                                      Civil No. 15-cv-508-LM-AJ


New Hampshire Attorney General[1]


**REPORT AND RECOMMENDATION**


Petitioner Jeffrey Gray, a prisoner presently incarcerated at the Federal Medical

Center in Devens, Massachusetts ("FMC Devens"), filed the following motions and other

documents in this 28 U.S.C. § 2254 action seeking various forms of relief:

- Status Reports (Doc. Nos. 193, 203, 213, 222, 234);
- Motion to Amend Petition for Habeas Corpus Relief and Add Third-Party Respondent Pursuant to 28 U.S.C. § 2241 (Doc. No. 194);
- Supplemental Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 204);
- Motion to Addend Second Amended § 2254 Petition (Doc. No. 207);
- Supplemental Motion to Addend Second Amended Petition to Annex Facts Supporting Claim 8 (Doc. No. 219);
- Motion for Temporary Writ of Release (Doc. No. 220);
- Second Supplemental Motion to Addend Second Amended § 2254 Petition (Doc. No. 230);
- Memorandum of Law in support of Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 233);
- Supplemental Memorandum of Law in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 240);
- Second Supplemental Memorandum of Law in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 242);
- Proposed Release Plan in Support of Petition for Temporary Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 244); and
- Supplemental Motion for Temporary Writ of Release Pursuant to 28 U.S.C. § 2241 (Doc. No. 245).

---

[1]Because Petitioner has already served the entire state sentence he received for the convictions he is challenging in this 28 U.S.C. § 2254 action, the New Hampshire Attorney General is the appropriate respondent in Mr. Gray's § 2254 case before this court. The clerk's office is directed to update the docket in this case.

The above-listed documents, along with the respondent's objections thereto (Doc. Nos. 202, 210, 212, 221, 231), and Mr. Gray's responses to those objections (Doc. Nos. 206, 215, 217, 218, 223, 232), are referred to the undersigned magistrate judge for consideration and a Report and Recommendation ("R&R") as to disposition.

## Background

In this case, Mr. Gray brought a Petition for a Writ of Habeas Corpus under § 2254, challenging his 2012 New Hampshire state court conviction for aggravated felonious sexual assault.  Mr. Gray served a New Hampshire Department of Corrections ("DOC") sentence for that offense.  The DOC released Mr. Gray on parole on April 20, 2020, and transferred Mr. Gray's parole supervision to Maine, where he lived.[2]

In November 2022, while Mr. Gray was still on parole, he was arrested on federal possession of child pornography charges in Maine.  Mr. Gray was detained pending trial on those charges.  On April 14, 2025, the United States District Court for the District of Maine sentenced Mr. Gray to serve a mandatory minimum 120 months in prison, followed by lifetime supervised release.  See United States v. Gray, No. 2:23-cr-00008-SDN (D. Me. Apr. 14, 2025); see also Apr. 14, 2025 Sentencing Hr'g Tr. (Doc. No. 202-1), at 22-23.  The mandatory minimum of ten years in prison was an enhanced sentence which the federal sentencing court found was required under 18 U.S.C. § 2252A(b)(2), based on the same 2012 New Hampshire state aggravated felonious sexual assault conviction Mr. Gray challenges here.  See id.  At his sentencing in the

---

[2] In his filings, Mr. Gray states his New Hampshire state sentence was fully discharged on March 23, 2025.

District of Maine, Mr. Gray argued that because his New Hampshire conviction was still under collateral attack, it was improper for the judge to use the 2012 conviction to enhance his sentence.  See id.  The federal sentencing judge disagreed and found that Mr. Gray's New Hampshire state conviction was final for the purpose of enhancing his federal sentence.  See id.  Mr. Gray appealed his federal sentence, challenging the propriety of using his 2012 New Hampshire state conviction to enhance his federal sentence while the state conviction was under collateral attack, to the First Circuit Court of Appeals.  See United States v. Gray, No. 25-cv-1401 (1st Cir. filed Apr. 25, 2025). That appeal remains pending.

In June 2023, this court granted Mr. Gray's motion to stay this matter pending his sentencing in the District of Maine and his transfer to the facility the Federal Bureau of Prisons ("BOP") would designate as the place where he would serve his federal sentence.  After Mr. Gray's federal April 2025 sentencing, the BOP held him at various transitional facilities.  Due to Mr. Gray's particular medical conditions and needs, the BOP designated FMC Devens as the facility for him to serve his sentence.  Mr. Gray arrived at that facility on May 21, 2025.  This court lifted the stay in this matter on February 16, 2026.

While this case was stayed, Mr. Gray filed regular status reports in this court stating that his legal materials were not transferred to FMC Devens with him, that the legal materials he did have at that facility were taken from him, and that he did not have access to a law library at that facility until December 10, 2025, because he was housed in its Secure Housing Unit ("SHU") prior to that date.  Mr. Gray has advised the court that since then, he has had access to computerized legal research, but has not had all

3

of the legal materials and documents relevant to this case which he had prior to his

arrest on federal charges, and which he states he needs to litigate this matter.[3]

## Discussion

I.   Jurisdiction

District courts may grant writs of habeas corpus "within their respective

jurisdictions."  28 U.S.C. § 2241(a).  "In the context of a habeas petition, the

jurisdictional rules are 'not jurisdictional in the sense of a limitation on subject-matter

jurisdiction,'" but rather, are "'akin to personal jurisdiction.'"  WIlliams v. Warden, FCI

Berlin, 786 F. Supp. 3d 436, 445 (D.N.H. 2025) (quoting Rumsfeld v. Padilla, 542 U.S.

426 (2004)).

> Federal courts' habeas jurisdiction arises under three related statutes: 28 U.S.C. §§ 2241, 2254, and 2255. Each serves a distinct purpose.  Section 2241 authorizes federal courts to grant habeas relief to prisoners who challenge "the execution, rather than the validity" of a federal sentence.  . . . Section 2254 permits federal courts to hear federal constitutional challenges raised by inmates originally sentenced by a state court.  See 28 U.S.C. § 2254(a).  Section 2255 provides the means by which federal prisoners may challenge the validity of their underlying federal convictions or sentences.  See 28 U.S.C. § 2255(a).

Rafiq v. Bowers, Civil Action No. 25-CV-11090-AK, 2026 U.S. Dist. LEXIS 39656, at *5-

*6, 2026 WL 540135, at *2 (D. Mass. Feb. 26, 2026) (internal citations omitted).

Mr. Gray's claims pending in this § 2254 action challenge the constitutionality of

his 2012 New Hampshire state court conviction.  Jurisdiction over Mr. Gray's § 2254

---

[3] By separate order, the court will rule on Mr. Gray's motions seeking copies of case documents in this matter and other pending motions not addressed in this R&R.

4

Petition properly lies in this court.  To the extent Mr. Gray seeks to amend those claims, that request is addressed below.  Mr. Gray characterizes the other claims presented in his pending motions as: (1) § 2241 claims challenging the validity of his federal sentence, the legality of his incarceration at FMC Devens pursuant to his allegedly invalid federal sentence, and challenging the legality of his incarceration at FMC Devens on the basis that the conditions of his confinement at that facility violate his federal constitutional rights; and (2) motions for preliminary injunctive relief asserted under Rule 65 of the Federal Rules of Civil Procedure.[4]  The court considers those claims in turn.

II.      Petitioner's Challenge to the Validity of his Federal Sentence (Doc. Nos. 193, 194, 204, 206, 215, 223, 233, 240, 242)

Mr. Gray seeks to challenge his 2025 federal sentence on the ground that it was improper for the District of Maine to impose an enhanced sentence, which included a 120-month mandatory minimum term of imprisonment, based on his 2012 New Hampshire state court conviction, because he is actively collaterally challenging that state court conviction in this § 2254 action.  After a prisoner's direct appeal is resolved, "[g]enerally, motions to contest the legality of a sentence must be filed under [28 U.S.C.]

---

[4] In addition to relief under § 2241 and § 2254, Mr. Gray seeks relief under the All Writs Act, 28 U.S.C. § 1651.  See, e.g., Doc. No. 223.  The All Writs Act, however, does not independently provide this court with jurisdiction in excess of what it is granted by statute.  See 28 U. S. C. § 1651(a) (permitting writs "necessary or appropriate in aid of " a court's jurisdiction); Clinton v. Goldsmith, 526 U.S. 529, 534–535 ("the express terms" of the All Writs Act "confine the power of [a court] to issuing process 'in aid of' its existing statutory jurisdiction; the Act does not enlarge that jurisdiction" (quoting 28 U.S.C. § 1651(a)).  Because the court finds that it does not have jurisdiction over Mr. Gray's § 2241 and § 2255 claims, he is not entitled to relief under the All Writs Act..

§ 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodian court."  Martinez v. Spaulding, No. 18-CV-11449-ADB, 2021 U.S. Dist. LEXIS 170458, at *12-*13, 2021 WL 4080051, at *4 (D. Mass. Sept. 8, 2021) (internal quotation marks and citations omitted); see also McKubbin v. Grondolsky, 7 F. Supp. 3d 125, 132 (D. Mass. 2014) (federal criminal defendant challenging an allegedly improper sentence enhancement must bring challenge in sentencing jurisdiction (citations omitted)).  This court therefore lacks jurisdiction to rule on the validity of Mr. Gray's federal sentence, as it is neither the sentencing court which might be amenable to a motion to vacate his sentence under § 2255, nor a court in the district where Mr. Gray is confined.

"In rare instances . . . pursuant to the 'savings clause' of section 2255, a federal prisoner can challenge his conviction and sentence under section 2241 if the prisoner can establish that the remedy afforded under section 2255 is 'inadequate or ineffective to test the legality of his detention.'"  Id., 2021 U.S. Dist. LEXIS 170458, at *13, 2021 WL 4080051, at *4 (internal citations omitted).  Any such contention on Mr. Gray's part, however, is premature, as his direct appeal has yet to be decided, a circumstance which ordinarily precludes a court from considering a § 2255 motion.  See United States v. Gordon, 634 F.2d 638, 638 (1st Cir. 1980) ("'in the absence of extraordinary circumstances, the orderly administration of criminal justice precludes a district court form considering a § 2255 motion while review of the direct appeal is still pending'").

6

III.     Petitioner's Challenge to the Legality of his Present Incarceration (Doc. Nos. 193, 194, 203, 206, 213, 215, 219, 222, 223, 233, 234, 240, 242, 244, 245)

Petitioner challenges both the fact and conditions of his confinement at FMC Devens under 28 U.S.C. § 2241.  He alleges that because his enhanced federal sentence is illegally based on a state conviction under collateral attack, his confinement at FMC Devens pursuant to that sentence is unconstitutional.  He further alleges that his confinement at FMC Devens violates his federal constitutional right to access the courts because he is being denied access to legal materials he needs to properly litigate this § 2254 action, and because he is being denied constitutionally adequate medical care.  As relief for his request Mr. Gray seeks a "writ of temporary release," under § 2241, allowing him to serve his federal sentence in home confinement where he would have access to his legal materials and medical care.  Mr. Gray contends that he can bring these claims in this action because there is a "nexus" between his underlying challenge to his federal sentence and this § 2254 case.

As noted above, to challenge the manner in which his sentence is executed, Mr. Gray must file a § 2241 petition for a writ of habeas corpus in the district where he is confined, which is the District of Massachusetts.  See Padilla, 542 U.S. at 442-47 (2004); see also 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by . . . the district courts within their respective jurisdictions" when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added)).  "As a general matter, a habeas petition challenging physical custody under § 2241 is subject to two threshold requirements before a district court can exercise statutory jurisdiction over it."  Van Tran v. Hyde, Civil Action No. 25-CV-11245-ADB, 2025 U.S. Dist. LEXIS 223408, at *5, 2025 WL 3171210, at *2 (D. Mass. Nov. 13, 2025) (citing

Padilla, 542 U.S. at 434).  First, the petitioner must name the proper respondent –

generally the warden of the facility where the petitioner is incarcerated.  See Padilla,

542 U.S. at 435.  "Second, . . . the district court must actually 'have jurisdiction over' that

person."  Id. at 434 (citation omitted).  "Accordingly, the person to whom the writ is

addressed must be within the district court's 'territorial jurisdiction.'"  Id. at 444 (citation

omitted).

Here, Mr. Gray is challenging his confinement at FMC Devens, which is not in the

territorial jurisdiction of this court.  The "nexus" Mr. Gray attempts to draw between this

§ 2254 case and his § 2241 claims does not create territorial jurisdiction in this court

over the FMC Devens Warden.  The district judge, therefore, should dismiss Mr. Gray's

claims for relief asserted under § 2241 – seeking access to his legal materials, the law

library, and medical care, through a writ of temporary release to allow him to serve his

sentence in home confinement in Maine, and to challenge the constitutionality of his

incarceration at FMC Devens pursuant to an allegedly illegally imposed federal

sentence – without prejudice to his ability to seek such relief under §  2241 in the

District of Massachusetts, where he is presently confined.

IV.     Request for Relief Under Fed. R. Civ. P. 65(b) (Doc. Nos. 203, 206, 213, 220)

As an alternative basis for some of the relief he seeks (access to the legal

materials he needs to litigate this § 2254 action and release him to home confinement)

Mr. Gray seeks an injunction from this court under Rule 65(b) of the Federal Rules of

Civil Procedure.  However, as previously discussed, this court lacks territorial

jurisdiction and personal jurisdiction over the FMC Devens Warden.

8

"Personal jurisdiction refers to a court's 'power to require the parties to obey its [orders].'" Alianza Ams. v. DeSantis, 727 F. Supp. 3d 9, 33 (D. Mass. 2025) (quoting Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008)).  "[A] court is precluded from asserting personal jurisdiction over a defendant unless 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" Wright v. Baker, No. CV 16-12518-PBS, 2018 U.S. Dist. LEXIS 97340, at *3, 2018 WL 2929723, at *1–2 (D. Mass. May 11, 2018) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)), R&R approved, 2018 U.S. Dist. LEXIS 97301, at *1, 2018 WL 10828135, at *6 (D. Mass. June 7, 2018) .

Mr. Gray has not alleged any facts from which this court can find or reasonably infer that the FMC Devens Warden, or any FMC Devens employee, has had meaningful contact with New Hampshire "such that he or she would anticipate being haled into court in this District to respond to allegations concerning conditions of confinement in [that facility]." Wright, 2018 U.S. Dist. LEXIS 97340, at *3, 2018 WL 2929723, at *1.  In the absence of personal jurisdiction over the FMC Devens Warden, the court cannot grant Mr. Gray the relief he seeks under Rule 65(b), and the district judge should deny his request for such relief.

V.      Request to Amend Claims (Doc. Nos. [203, 207, 217-219, 223, 230, 232)

In this § 2254 case, the court has recognized a specific list of claims, set forth in this court's March 1, 2022 Order (Doc. No. 161, at 2-9), Mr. Gray asserted to challenge his 2012 New Hampshire state court conviction.  Mr. Gray now seeks to add what he characterizes as "factual annexations" to those claims.  As a general matter, habeas petitions "may be amended or supplemented as provided in the rules of procedure

applicable to civil actions." 28 U.S.C. § 2242; see also Fed. R. Civ. P. 81(a)(4) (providing that the Federal Rules of Civil Procedure generally apply to habeas proceedings unless a contrary rule is specified in a federal statute or the rules governing proceedings under § 2254 or § 2255). "The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by § 2242, ... allows pleading amendments with 'leave of court' at any time during a proceeding." Mayle v. Felix, 545 U.S. 644, 655 (2005) (quoting Fed. R. Civ. P. 15(a)(2)). Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

The amendments Mr. Gray seeks to make to the claims in this case are not actually amendments to his legal claims for habeas relief. Mr. Gray does not argue that the court has improperly construed any of his claims or failed to recognize any new otherwise cognizable claims he wants to add to this case; he simply seeks to clarify his existing claims with factual details. Mr. Gray is free to make arguments consistent with the factual specifications he proposes in the context of any dispositive motion that may be filed in this case. The interests of justice, judicial efficiency, and the need to bring this matter to a fair and expedient resolution are not served by adding additional claims to this case at this time. Accordingly, the district judge should deny Mr. Gray's requests to amend the claims the court has already recognized in this case, without prejudice to Mr. Gray's ability to assert such facts supporting his claims in the context of a dispositive motion.

**CONCLUSION**

For the foregoing reasons, the district judge should deny the relief Mr. Gray seeks in Document Nos. 193, 194, 203, 204, 206, 207, 213, 215, 217-220, 222, 223, 230, 232 - 234, 240, 242, 244, and 245.  The district judge should deny Mr. Gray's requested relief without prejudice to his ability to: bring a § 2241 petition or other action for equitable relief in the District of Massachusetts concerning the execution of his sentence or conditions of his confinement at FMC Devens, properly bring a collateral challenge to his federal sentence in the District of Maine, or make any appropriate factual assertion or legal argument at the summary judgment phase of this case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court.  See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal.  See id.  Failure to file any objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

March 2, 2026

cc:     Jeffrey M. Gray, pro se
        Elizabeth C. Woodcock, Esq.
        Robert Baldridge, Esq.

11